**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEO MAY, | ) |
| | ) |
|     Plaintiff | )   **Case No.: 1:14-cv-00226** |
| | ) |
| v. | ) |
| | )   **MEMORANDUM OF LAW IN SUPPORT** |
| VIRTUOSO SOURCING GROUP, INC., | )   **OF MOTION FOR DEFAULT** |
| | )   **JUDGMENT** |
|     Defendant | ) |
| | ) |

**I.   INTRODUCTION**

On March 31, 2014, Plaintiff filed a Complaint against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"). *See* Docket Entry 1. On May 30, 2014, Plaintiff perfected Service upon Defendant by serving the Summons and a copy of the Complaint. *See* Docket Entry 4. Defendant failed to timely file its Answer or responsive pleading, and Plaintiff requested that the Clerk enter Defendant's default; which the Clerk did on July 18, 2014. *See* Docket Entry 5. Accordingly, Plaintiff now moves this Court to enter Judgment against Defendant in the above-captioned matter.

Further, the statutory language of the FDCPA mandates an award of reasonable attorney fees and costs to a successful plaintiff. *Graziano v. Harrison*, 950 F.2d 107, 113 (3rd Cir. 1991); *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973 (9th Cir. 2008); *Tolentino v. Friedman*, 46 F.3d at 645, 651 (7th Cir. 1991). In light of the "structure of the section, attorney's fees should not be construed as a special or discretionary remedy" but are in addition to and separate from any damages otherwise awarded to the plaintiff. *Id*. The FDCPA mandate is "a means of fulfilling Congress' intent that the Act should be

enforced by debtors acting as private attorney generals." *Graziano*, 950 F.2d at 113; *Camacho*, 523 F.3d at 978; *Tolentino,* 46 F.3d at 645, 651 (7th Cir. 1991).

## II. LAW AND DISCUSSION

### A. Plaintiff is entitled to a judgment against Defendant.

FRCP 12(a)(1) gives a party to an action 20 days to timely serve an answer after being served with a summons and complaint. FRCP 55(a) allows for entry of default of a defendant who fails to plead or otherwise defend in a timely manner. FRCP 55(b) permits default judgment to be entered following entry of a defendant's default by the court's clerk. It is well-established that in civil cases, "where a party fails to respond, after notice the court is ordinarily justified in entering a judgment against the defaulting party." *See Bermudez v. Reid*, 733 F.2d 18, 21 (2nd Cir. 1984). A decision to enter a default judgment however is ultimately left to the "sound discretion" of the court. *See Shah v. N.Y. State Dep't of Civil Serv.,* 168 F.3d 610, 615 (2nd Cir.1999).

Following Defendant's failure to answer Plaintiff's complaint, the Clerk of this Court properly entered Defendant's default on July 18, 2014. *See* Docket Entry 5. It logically follows that default judgment should now be entered in favor of Plaintiff. In determining whether to enter a default judgment, the court is free to consider a number of factors. Among these are: (1) the amount of money involved; (2) whether issues of fact or of substantial public importance are at stake; (3) whether the default is largely technical; (4) whether the plaintiff has been substantially prejudiced by the delay involved; (5) whether the grounds for default were clearly established or are in doubt; (6) whether the default was caused by a good-faith mistake or excusable neglect; (7) how harsh an effect a default judgment might have; and (8) whether the court thinks it later would be

obligated to set aside the default on defendant's motion. 10 Moore's Federal Practice § 55.20 [2][b] (3d ed.1999); *see also Pinaud v. County of Suffolk,* 52 F.3d 1139, 1152 n. 11 (2nd Cir.1995) (citing with approval Moore's as detailing factors to be considered in entering default judgment); and *Feeley v. Whitman Corp.,* 65 F.Supp.2d 164, 171 (S.D.N.Y.1999) (listing the same factors).

The facts of this case clearly indicate that the grounds for Defendant's default have been sufficiently established. Default judgment against the Defendant is not harsh or fundamentally unfair in light of the Defendant's lack of due diligence and failure to otherwise participate in the proceedings, despite ample opportunities to do so.

### B.     Damages Under the Fair Debt Collection Practices Act.

Under the FDCPA, a successful plaintiff is entitled to recover statutory damages up to $1,000; actual damages sustained as a result of the defendant's conduct; and the costs of the action plus reasonable attorney's fees. 15 U.S.C. § 1692k. The FDCPA is a strict liability statute and a plaintiff does not need to show intent on the part of the Defendant to recover damages under the statute. *Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002, 1004 (9th Cir. 2008) (*citing Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006).

Relevant to the case at hand, the FDCPA prohibits Defendant from communicating to any persons other than the consumer more than once unless requested to do so, or it believes the information provided by such person is erroneous or incomplete, § 1692b(3); harassing a consumer in connection with the collection of an alleged debt, § 1692d;  repeatedly causing a telephone to ring with intent to annoy, abuse,

or harass, § 1692d(5); and, using unfair and unconscionable means to collect a debt, § 1692f.

In the case at hand, beginning in September 2013, Defendant placed continuous harassing telephone calls to Plaintiff's home telephone. *See* Docket Entry 1. The debt Defendant was collecting was allegedly owed by a person by the name of "Steven Grazer." See Id. Plaintiff is not Steven Grazer and does not know anyone by that name, which he explained to Defendant during numerous calls. *See Id.* Plaintiff repeatedly told Defendant's collectors to stop calling. *See Id.* Despite Plaintiff's request, Defendant's collectors continued to call Plaintiff. *See Id.* By indicating that he was not the debtor named Steven Grazer, Defendant knew—at the very least—that Plaintiff disputed the debt being owed by him. *See Id.* Upon belief, the only reason for Defendant to continuing calling Plaintiff, under the above circumstances, would be to secure payment regardless of who answered the telephone. *See Id.*

Based on the foregoing, Plaintiff respectfully requests default judgment be awarded in her favor in the amount of $1,000 for the statutory violations set forth above, plus his reasonable attorney's fees and costs, addressed below.

### C. **Plaintiff is entitled to her reasonable attorney's fees and costs.**

In any successful action to enforce the FDCPA, the prevailing plaintiff is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3). The FDCPA makes the payment of attorney fees and costs to a successful plaintiff mandatory. *Graziano*, 950 F.2d at 113. A prevailing party is one who is successful on any significant issue in litigation that achieves some of the benefit sought in the action. *Hensley v. Eckerhart*, 461 U.S. 424 (1983). In the case at

hand, Plaintiff obtained a judgment that established Defendant's liability. See Entry of Default on Docket on July 18, 2014, Docket Entry 6. Therefore, he is entitled to recover his reasonable attorneys' fees and costs incurred in bringing this action.

Plaintiff's reasonable attorneys' fees and costs are determined using the "lodestar" method, which is applicable in all situations where Congress authorized the award of attorney's fees to a prevailing party. *See Hensley*, 461 U.S. 424 (1983). In the case at hand, Plaintiff's attorneys and their staff expended 6.8 hours during the course of this action. This amount of time is reasonable. The reduced hourly rates charged are consistent with those awarded in other matters in this jurisdiction. *See e.g.*, *White v. Bronson & Migliaccio, LLP*, 09-cv-00402 (W.D.N.Y. Oct. 4, 2010) (approving rates of $225.00 per hour for attorney with 3 years experience; $254.00 per hour for attorney with 6 years experience; and $394.00 per hour to attorney with 16 years experience); *Flegal v. First Source Advantage, LLC*, 10-00771 (W.D.N.Y. May 9, 2011) (awarding $215 per hour to partner, $180.00 per hour to associate, and $50 per hour to paralegal); *Fajer v. Kaufman, Burns & Assocs.*, 09-cv-716, 20ll WL 334311 (W.D.N.Y. Jan 28, 2011) (awarding $215 per hour to partner, $175.00 per hour to associate, and $75.00 per hour to paralegal); *Hoover v. W.N.Y. Capital*, 09-cv-955, 2010 WL 2462500 (W.D.N.Y. June 16, 2010) ($180.00 per hour for attorney and $50.00 per hour for paralegal); *Dayton v. Ne. Fin. Solutions*, 09-cv-549, 2009 WL 45671819 (W.D.N.Y. Dec. 7, 2009) (awarding attorney rates of $180.00 - $215.00 per hour and paralegal rate of $50.00 per hour); *Clark v. Brewers Michaels & Kane, LLC*, 09-cv-188, 2009 WL 3303716 (W.D. N.Y. Oct. 14, 2009) awarding attorney rates of $180.00 - $215.00 per hour and paralegal rate of $50.00 per hour); *Cornett v. Capital Mgnt. Servs., Inc.*, 05-cv-515A (W.D.N.Y. Aug. 8, 2006)

(awarding $200.00 per hour for attorney and $50.00 per hour for paralegal); *McCarty v. Capital Mgnt. Servs., Inc.*, 05-cv-505S (W.D.N.Y. Jul. 17, 2006) (awarding $200.00 per hour for attorney); *Zilgme v. NCB Mgnt. Serv. Inc.*, 05-cv-749S, (W.D.N.Y. May 16, 2006) (awarding $200.00 per hour for attorney and $50.00 per hour for paralegal time); *Bartosik v. Credit Bureau of Rochester, Inc.*, 05-cv-318S, (W.D.N.Y. Mar. 31, 2006) (awarding $200.00 per hour for attorney); *Morreale et al v. Forster & Garbus*, 07-cv-00787 (W.D.N.Y. May 19, 2008) (awarding $215.00 per hour to attorney and $175.00 per hour to attorney with two years experience); *Proctor v. PMR Law Group,* 09-CV-1028S, 2010 WL 4174723, at *5 (W.D.N.Y. Oct. 25, 2010) (awarding attorney rates of $175.00 - $215.00 per hour and paralegal $75.00 per hour); and *Taylor v. Morgan Stone & Assocs., LLC,* 09-CV-827, 2010 WL1816675 (W.D.N.Y. May 4, 2010) (approving attorney rates of $175.00 - $215.00 per hour and clerk/paralegal rate of $75.00 per hour).

Thus, it is the correct hourly rate to be used in the lodestar calculation for this matter. *See e.g. Blum v. Stenson*, 465 U.S. 886, 895-96 (1984). Therefore, the lodestar calculation for the time spent by Plaintiff's attorneys and their staff is $1,248.00. *See* Exhibit "A". Additionally, during the course of this action, Plaintiff incurred $530.00 in reasonable litigation costs and expenses, which are recoverable under the FDCPA, 15 U.S.C. §1692k(a)(3). *See* Exhibit "A". Accordingly, Plaintiff respectfully moves the Court for and award of $1,778.00 in reasonable attorneys' fees and costs. *See* Invoice for Services, attached as Exhibit A.

Plaintiff's attorneys' fees and costs should not be adjusted based on Plaintiff's recovery; they must be awarded independently of any other damages awarded to a plaintiff. *Tolentino* at 651-52. The U.S. Supreme Court held that "[t]he statute and

legislative history establish that `reasonable fees' under lodestar…are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel." *Blum*, 465 U.S. at 895. "Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Graziano*, 950 F.2d at 113; *see also Tolentino*, 46 F.3d at 652-53. By ensuring that competitive rates are awarded under fee-shifting statutes "we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated," and Congress' intent followed. *Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3rd Cir. 1988). Accordingly, this Court should award Plaintiff the full amount of his reasonable attorneys' fees, per the lodestar calculation, without any reduction.

### III.    CONCLUSION

Plaintiff respectfully moves the Court to enter Default Judgment against Defendant in the above-captioned matter. Defendant violated the FDCPA, and therefore, Plaintiff is entitled to statutory damages and attorney's fees and costs under the FDCPA. For the foregoing reasons, Plaintiff respectfully requests that this Court enter Judgment against Defendant for $1,000, plus attorney's fees and costs in the amount of $1,778.00.

                                                RESPECTFULLY SUBMITTED,

                                                <u>/s/ Craig Thor Kimmel</u>
                                                Craig Thor Kimmel
                                                Kimmel & Silverman, P.C.
                                                30 E. Butler Pike
                                                Ambler, PA 19002
                                                Phone: (215) 540-8888
                                                Fax: (877) 788-2864
Dated: 10/17/14                            Email: kimmel@creditlaw.com