UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────

LEO MAY,

                         Plaintiff,

            -vs-                                      14-CV-226-JTC

VIRTUOSO SOURCING GROUP, INC.,

                         Defendant.

───────────────────────────────────────────

## INTRODUCTION

On March 31, 2014, plaintiff Leo May filed a complaint against defendant Virtuoso Sourcing Group, Inc., alleging various violations of the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. § 1692, *et seq.* Defendant failed to appear and defend this action, which resulted in entry of default by the Clerk of the Court, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, on July 18, 2014. Item 6. Presently before the court is plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Item 7. For the following reasons, plaintiff's motion is granted.

## DISCUSSION

**1.    Default Judgment Standard**

Before obtaining default judgment, a party must first secure a Clerk's entry of default by demonstrating, by affidavit or otherwise, that the opposing party is in default. Fed. R. Civ. P. 55(a). Once default has been entered, the allegations of the complaint establishing the defendant's liability are accepted as true, except for those relating to the amount of

damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993).

In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment.   Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment.   *See* Fed. R. Civ. P. 55(b)(2).   Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation."   *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974).   All reasonable inferences from the evidence presented are drawn in the moving party's favor.   *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

## 2.   Liability

The facts of this case, as set forth in the complaint, are relatively straightforward. At all times relative to the claims asserted, defendant Virtuoso Sourcing Group, Inc., was acting in the capacity of a business entity engaged in the business of debt collection, within the meaning of 15 U.S.C. § 1692a(6) (definition of "debt collector").   Plaintiff alleges that, beginning in September 2013 and continuing through December 2013, persons acting on defendant's behalf repeatedly made telephone calls to plaintiff's home phone attempting to collect a debt owed by a person named Steven Grazer; that plaintiff explained to the caller on several occasions he is not Steven Grazer and does not know anyone by that name, and repeatedly requested that the calls stop, but the calls persisted; and that

defendant's conduct  violation of a number of the provisions of the FDCPA.[1]  *See* Item 1.

Accordingly, for the purposes of this motion, plaintiff has sufficiently alleged facts to

establish defendant's liability under the FDCPA.

### 3.      Damages

Plaintiff requests an award of statutory damages pursuant to section 1692k(a)(2)(A)

of the Act, which authorizes the court to award a successful plaintiff up to $1,000 in

statutory damages per proceeding for any violation of the FDCPA.  The specific amount

of statutory damages, not to exceed $1,000, falls within the court's discretion.  *See Savino*

*v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998).  Factors to be considered by the

court in determining an appropriate statutory damages award in an individual action include

the frequency, persistence, and nature of the debt collector's noncompliance with the Act,

and the extent to which the debt collector's non-compliance was intentional.  *See* 15 U.S.C.

§ 1692k(b)(1).  Awards of the $1,000 statutory maximum are typically reserved for cases

where the defendants' violations are "particularly egregious or intimidating."  *Cordero v.*

*Collection Co.,* 2012 WL 1118210, *2 (E.D.N.Y. Apr. 3, 2012).

By virtue of the entry of default in this case, defendant is deemed to have admitted

the well-pleaded allegations of the complaint, establishing plaintiff's entitlement to an

award of statutory damages.  Under the circumstances presented on the motion for default,

---

[1]Specifically, plaintiff alleges that defendants' debt collection activity violated sections 1692b(3) (prohibiting more than one communication with persons other than the consumer for the purpose of acquiring location information); 1692c(b) (prohibiting communications in connection with the collection of a debt with persons other than the consumer); 1692d (prohibiting engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt);1692d(5) (causing a telephone to ring repeatedly with intent to annoy, abuse, or harass); and 1692f (prohibiting the use of unfair or unconscionable means to collect or attempt to collect a debt).

including the frequency of pleaded instances of noncompliance (*see* Item 1, ¶ 26, citing 17 calls during the month of December 2013); the persistence of this conduct despite notice that the person being called was not the person who owed the debt; and the lack of any further information regarding the debt collector's intent, and considering damages awards in other comparable cases within this district, *see, e.g., Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, *2 (W.D.N.Y. Jan. 7, 2013) (awarding $500 in statutory damages where defendant called plaintiff's home on a number of occasions, totaling more than 20 times per month); *Fajer v. Kaufman, Burns & Assocs.*, 2011 WL 334311, *3 (W.D.N.Y. Jan. 28, 2011) (awarding $500 where defendant made numerous calls to home and workplace and made empty threats of litigation), the court finds that the violations pleaded in this case do not amount to particularly egregious or intimidating conduct warranting an award of maximum statutory damages.  The court therefore awards plaintiff a total of $500.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

## 4.    Attorneys' Fees and Costs

The FDCPA also provides for the recovery of reasonable attorney's fees and costs by successful litigants.  *See* 15 U.S.C. § 1692k(a)(3) (permitting recovery of, "in the case of any successful motion to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court").  In determining a reasonable fee, district courts should set a reasonable hourly rate, bearing in mind case-specific variables, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).  There is a presumption in favor of the hourly rates

employed in the district in which the case is litigated.  *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009).  Thus, the court must consider the prevailing market rate in the Western District of New York for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

Here, plaintiff's counsel has submitted a declaration documenting a total of 6.8 hours of work on the case for which compensation is sought, including a combined 5.8 hours by five attorneys and a legal assistant/intern, and one hour by a paralegal.  The rates requested ($180-$225/hr. for attorneys; $100/hr. for legal assistant/intern; $80/hr. for paralegal) have been discounted to reflect the prevailing market rates in this district for FDCPA cases.  *See, e.g., Ortez v. First Asset Recovery Group, LLC*, 2014 WL 1338835, at *3 (W.D.N.Y. Apr. 2, 2014) (granting motion for default judgment and awarding fees at hourly rates of $250 for experienced attorneys, $175 for newer attorneys, and $75 for paralegal staff); *Carbin v. Northern Resolution Group, LLC*, 2013 WL 4779231, at *3 (W.D.N.Y. Sept. 5, 2013) (same); *Halecki v. Empire Portfolios, Inc.*, 952 F. Supp. 2d 519, 521-22 (W.D.N.Y. 2013) (awarding hourly rate of $250 for experienced attorney, $140 for new attorney); *Hance*, 2013 WL 85068, at *2 (awarding hourly rate of $225 for experienced attorney, $200 for newer attorney, and $50 for paralegal staff).

Based upon its review of these and other FDCPA cases litigated in the Western District of New York, the court finds both the number of hours expended on the case and the requested hourly rates to be reasonable, and awards attorney's fees in the amount of

$1,248.00. The court also finds the request for costs to be reasonable and awards $530.00 as recoverable costs.

## <u>CONCLUSION</u>

Based on the foregoing, plaintiff's motion for default judgment (Item 7) is GRANTED.   Plaintiff is awarded $500.00 for defendant's violations of the FDCPA, $1,248.00 in attorney's fees, and $530.00 in costs.

The Clerk of the Court is directed to enter judgment accordingly, and to close this case.

So Ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: October 29, 2014
p:\pending\2014\14-226.oct29.2014